IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN J. COOKMAN,
    Petitioner, : CIVIL ACTION
:
v. :
:
MICHAEL BARONE, et al., :
    Respondents. : No. 08-4980

**MEMORANDUM**

Baylson, J.                                                                                      January 26, 2010

## I. Introduction

Petitioner, John Joseph Cookman ("Petitioner"), filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The undersigned referred the case to Magistrate Judge Lynne A. Sitarski for a Report and Recommendation ("R&R") on the merits. Magistrate Judge Sitarski filed her R&R on June 12, 2009 (Doc. No. 32), and presently before the Court are Petitioner's Objections to the R&R, which he timely filed on July 6, 2009 (Doc. Nos. 35, 37).[1]

Upon independent and thorough review, and for the reasons stated below, this Court denies Petitioner's objections and accepts Magistrate Judge Sitarski's R&R.

---

[1] While Petitioner timely filed his Objections to the R&R on July 6, 2009 (Doc. No. 35), three days later, on July 9, 2009, he subsequently filed a request/petition to amend and/or add to his Objections (Doc. No. 36). Before the Court ruled on Petitioner's request, Petitioner filed additional Objections on July 17, 2009 (Doc. No. 37). For purposes of ruling on Petitioner's Objections to the R&R, the Court will deem Petitioner's request/petition granted, and thus will consider <u>both</u> Petitioner's initial Objections (Doc. No. 35) and his additional Objections (Doc. No. 37).

## II.     Background and Procedural History

According to the record before the Court, Petitioner was convicted on January 13, 1989 of attempted rape, attempted involuntary deviate sexual intercourse, indecent assault, terroristic threats, and simple assault. On June 13, 1989, the trial court sentenced Petitioner to eleven-and-one-half to twenty-three months imprisonment, to be followed by twenty-three years of probation. Petitioner did not file a direct appeal.

Petitioner was paroled and placed on probation in 1990, but violated his probation on three separate occasions. On June 4, 2002, following his third parole violation, Petitioner was re-sentenced to eleven-and-one-half to twenty-three years in prison. Petitioner did not file a direct appeal of his re-sentencing.

On February 12, 2004, Petitioner filed a pro se Pennsylvania Post Conviction Relief Act ("PCRA") petition. On June 24, 2004, the PCRA court appointed counsel to represent Petitioner, but on September 16, 2004, Petitioner's counsel filed a "no merit" letter and petition to withdraw, wherein he advised the PCRA Court that Petitioner's PCRA petition was untimely filed and was not subject to any time bar exceptions. The PCRA court granted Petitioner's counsel leave to withdraw on November 8, 2004, and then dismissed the PCRA petition as untimely on December 3, 2004.

On January 3, 2005, Petitioner filed a PCRA appeal with the Pennsylvania Superior Court. On July 19, 2006, the Superior Court affirmed the PCRA court's dismissal, ruling that Petitioner's PCRA petition was "clearly untimely." On October 10, 2006, Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court. On October 12, 2006, the Pennsylvania Supreme Court rejected this petition as untimely filed. The Court also denied a

subsequent petition for allowance of appeal nunc pro tunc on August 23, 2007. On October 26, 2007, the Pennsylvania Supreme Court denied Petitioner's application for reconsideration.

On October 20, 2008, Petitioner filed the instant petition for writ of habeas corpus (Doc. No. 1), making the following ten claims:[2] (1) The trial court abused its sentencing discretion under Pennsylvania sentencing law; (2) the trial court abused its sentencing discretion under Pennsylvania sentencing law by sentencing consecutively on certain counts and not concurrently; (3) the trial court had no subject matter jurisdiction to re-institute charges; (4) trial counsel was ineffective in cross-examining a witness; (5) trial counsel was ineffective during the re-sentencing; (6) PCRA counsel was ineffective and a trial court should have appointed new PCRA counsel; (7) PCRA counsel was ineffective for not filing a petition nunc pro tunc to the Pennsylvania Superior and Supreme Courts; (8) there was layered ineffectiveness of counsel; (9) certain offenses should have merged under Pennsylvania law; and (10) the Pennsylvania Superior and Supreme Courts abused their discretion in the handling of Petitioner's PCRA petition and appeal.

The government responded to Mr. Cookman's petition on April 10, 2009 (Doc. No. 14), and Petitioner replied on June 8, 2009 (Doc. No. 31). As noted above, Magistrate Judge Sitarski

---

[2]The claims made by Petitioner in his habeas petition were not entirely clear. For this reason, in its Answer, the Respondent District Attorney's Office for Chester County, Pennsylvania, stated: "The Commonwealth summarizes and restates these claims, to the extent it can understand Petitioner's claims, as follows . . . ." (Respondent's Answer at 21 (emphasis added); Doc. No. 14.) Respondent then listed the ten claims it understood Petitioner to have made. (See Respondent's Answer at 21-22; Doc. No. 14.) In her R&R, Magistrate Judge Sitarski stated that "Petitioner filed the instant petition for writ of habeas corpus, raising ten grounds for relief." (R&R at 3 (emphasis added); Doc. No. 32.) After review, the Court finds that the list of Petitioner's ten claims first set forth by the Respondent, and subsequently referred to by Magistrate Judge Sitarski in her R&R, is an accurate summary of Petitioner's claims.

filed her R&R on June 12, 2009 (Doc. No. 32), and Petitioner filed his Objections to the R&R, and additional Objections, on July 6, 2009 and July 17, 2009, respectively (Doc. Nos. 35, 37).

## III. Parties' Contentions

### A. Summary of Magistrate Judge's Report and Recommendations

The R&R found that Petitioner's habeas petition was time-barred in its entirety under the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). According to the R&R, Petitioner's current incarceration resulted from his June 4, 2002 re-sentencing. Thus, because Petitioner did not file a direct appeal of his re-sentencing, his conviction became final on July 5, 2002 – the date when the thirty (30) day period to file a direct appeal of his re-sentencing to the Pennsylvania Superior Court expired. Thus, the R&R determined that Petitioner's "judgment" became final for AEDPA purposes on July 5, 2002 – the date both Petitioner's conviction <u>and</u> sentence became final. Accordingly, Petitioner needed to file his federal habeas petition no later than July 7, 2003 to comply with the requisite one-year limitations period. Because Petitioner filed the instant habeas petition on October 20, 2008 – nearly five years after the expiration of the AEDPA's one year limitations period – the R&R found Petitioner's habeas petition untimely.

The R&R also addressed Petitioner's equitable tolling arguments, which served as his only available avenue of relief. Specifically, the R&R noted that Petitioner raised two equitable tolling arguments:[3] (1) Petitioner alleged multiple instances of ineffective assistance of counsel

---

[3]Although the R&R noted that Petitioner did not "expressly argue" that equitable tolling applied, Magistrate Judge Sitarski followed the Third Circuit's instructions and recognized that a pro se pleading is "held to less stringent standards than more formal pleadings drafted by attorneys." R&R at 9 n.7 (Doc. No. 32).

rising to the level of "extraordinary circumstances," and (2) Petitioner alleged governmental interference. The R&R found that Petitioner did not qualify for equitable tolling based on either claim. Because the R&R found Petitioner's habeas petition untimely, the Magistrate Judge did not find reason to address the merits of Petitioner's various claims.

    B.    **Petitioner's Objections**

Petitioner Objects to the R&R on several grounds. First, Petitioner objects to the "Facts and Procedural History" section in the R&R, arguing that the Magistrate Judge did not discuss various facts Petitioner believes to be important, and did not review all state court records and transcripts. Second, Petitioner objects to the R&R's finding that his petition is untimely, arguing that he raised several claims of layered ineffective assistance of trial and appeal counsel, and that his counsel's failure to file his direct appeal should not result in his petition being time-barred. Third, Petitioner objects to the use of the AEDPA's time-bar, arguing that the AEDPA should not apply because his first case and sentencing occurred in 1989, prior to the AEDPA's enactment. While Petitioner also makes a variety of other objections, because such objections fail to address findings or conclusions set forth in the R&R, the Court need not address them here.[4]

---

[4] These objections include: (1) legal arguments pertaining to double jeopardy, "illegal sentence," and ineffective assistance of counsel; (2) a legal argument that the PCRA is unconstitutional because holding that Petitioner's petition is time-barred violates the Constitution's Ex-Post Facto Clause; (3) a legal argument that the PCRA discriminates between persons "of wealth and/or means" versus persons who are illiterate, indigent, and mentally or physically handicapped, thus violating Petitioner's Due Process and Equal Protection rights under the Fourteenth Amendment to the Constitution, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. – and that such discrimination affects legal issues including ineffective assistance of counsel, governmental misconduct, judicial error, and "tainted jury"; (4) a legal argument that a holding that the PCRA was not enacted in violation of the Pennsylvania Constitution is itself unconstitutional, in violation of the Constitution's 14th

## IV. Standards of Review

In ruling on objections to the R&R of a United States Magistrate Judge, this Court reviews *de novo* only the findings of the R&R to which a Petitioner specifically objects. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72.

The AEDPA, effective April 24, 1996, amended habeas corpus law by imposing a one year limitation period to an application for a writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA's one-year limitation period is not an absolute limit. Schlueter v. Varner, 384 F.3d 69, 75 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005). Rather, it is subject to two potential tolling exceptions: (1) statutory tolling under 28 U.S.C. § 2244(d)(2); and (2) equitable tolling. Id. (citing Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003)). With respect to

---

Amendment's Due Process and Equal Protection Clauses.

equitable tolling, the Third Circuit has held that the AEDPA's one-year statute of limitation is subject to equitable tolling in circumstances where "the petitioner has in some <u>extraordinary</u> way . . . been prevented from asserting his or her rights . . . [and] show[n] that he or she exercised reasonable diligence in investigating and bringing the claims." <u>Colon v. Rozum</u>, 2009 WL 273214, at *3 (E.D. Pa. Jan. 30, 2009) (Baylson, J.) (emphasis added) (quoting <u>Miller v. N.J. State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations and citations omitted)).

When reviewing documents filed <u>pro se</u>, a court must keep in mind that "[a] document filed <u>pro se</u> is 'to be liberally construed.'" <u>Colon</u>, 2009 WL 273215, at *3 (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976))).

**V.     Discussion**

    **A.     Petitioner's First Objection**

Petitioner's first objection pertains to the "Facts and Procedural History" section in the R&R. In support of this objection, Petitioner sets forth a myriad of arguments and theories relating to his belief that the Magistrate Judge did not discuss certain facts Petitioner believes to be important, and did not review all state court records and transcripts. The Court rejects this objection as being without merit. The Magistrate Judge properly reviewed and analyzed the state court record when finding Petitioner's habeas petition untimely.

    **B.     Petitioner's Second Objection**

Petitioner next objects to the R&R's finding that his habeas petition is untimely, arguing that he raised several claims of layered ineffective assistance of trial and appeal counsel, and that his counsel's failure to file his direct appeal should not result in his petition being time-barred.

In support of his argument, Petitioner goes through a lengthy analysis of what he claims to be the law in Pennsylvania regarding ineffective assistance of counsel and layered ineffective assistance of counsel. Petitioner fails, however, to confront the actual legal analysis employed by the Magistrate Judge in finding Petitioner's habeas petition untimely; specifically, Petitioner does not address the Magistrate Judge's legal conclusion that Petitioner's claims for ineffective assistance of counsel do not require equitable tolling. Nevertheless, the Court will provide an explanation as to the reasons why the Magistrate Judge was correct in finding that the doctrine of equitable tolling does not apply to Petitioner's habeas petition.

Initially, the Court notes that the Petitioner did not allege, and the Magistrate Judge did not find, any facts triggering the application of § 2244(d)(1)(B), (C), or (D) of the AEDPA. Thus, the applicable starting point for the statute of limitations for all of Petitioner's claims is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As the Magistrate Judge correctly understood, "[f]inal judgment . . . means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. 147, 156 (2007). In other words, the AEDPA limitations period is triggered on the date that the sentence becomes final. Valasquez-Tapia v. Varano, 2009 WL 1812091, at *2 (E.D. Pa. Mar. 23, 2009) (Padova, J., adopting Strawbridge, M.J.). Further, under the plain language of 28 U.S.C. § 2244(d)(1), the one-year time limitation period is only triggered upon the conclusion of direct review of the sentence – or, alternatively, if no direct review is sought, upon expiration of the time for taking direct review. Id.

In Pennsylvania, a defendant convicted of a crime has thirty (30) days to take direct appeal of his sentence, starting from the later of the date of sentencing or the date of the entry of

an order deciding a timely post-sentence motion. Id. at *3 (citing Pa. R. Crim. P. 720(A)(2)(a), (A)(3)).  If a defendant does not seek direct appeal of his sentence, then the judgment becomes final upon the expiration of that thirty (30) day period. Id. (citing Pa. R. Crim. P. 720(A), and 42 Pa.C.S.A. § 9545(b)(3)).

In the present case, the reason for Petitioner's current incarceration is his June 4, 2002 re-sentencing.[5]  Petitioner did not file a direct appeal of his re-sentencing.  Thus, the sentence for which he is presently incarcerated became final on July 5, 2002[6] – the date when the thirty (30) day period to file a direct appeal to the Pennsylvania Superior Court expired.  Thus, Petitioner's "judgment" became final for AEDPA purposes on July 5, 2002 – the date both his conviction and sentence became final.  Magistrate Judge Sitarski correctly stated that Petitioner would have needed to file his federal habeas petition no later than July 7, 2003 to comply with the AEDPA's one-year limitation period.  Instead, Petitioner filed his habeas petition on October 20, 2008 – some five years later than required.

The Court agrees with Magistrate Judge Sitarski's conclusion that Petitioner's claims are not eligible for equitable tolling,[7] thus making them untimely.  The Third Circuit has made clear

---

[5]The Court notes that Petitioner was originally convicted on January 13, 1989 and sentenced on June 13, 1989.  Because Petitioner failed to file a direct appeal, his original conviction became final on July 13, 1989, at the expiration fo the thirty (30) day period to file a direct appeal to the Pennsylvania Superior Court.  Nevertheless, Magistrate Judge Sitarski correctly stated that an analysis of the timeliness of Petitioner's habeas petition relates not to his 1989 sentencing, but instead, to the reason for his current incarceration – his June 4, 2002 re-sentencing.

[6]Magistrate Judge Sitarski correctly explained that because the thirtieth day fell on a legal holiday (Independence Day), July 5 became the last day to file a notice of appeal.

[7]As Magistrate Judge Sitarski correctly noted, the United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition.  See,

that "[c]ourts must be sparing in their use of equitable tolling," Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999), applying equitable tolling "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). Equitable tolling is appropriate only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Generally, this will occur when the petitioner has in some "extraordinary" way been prevented from asserting his or her rights. Lawrence v. Florida, 549 U.S. 327, 336 (2007); Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003).

The United States Supreme Court has stated that a litigant invoking the doctrine of equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence, 549 U.S. at 336 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Even where extraordinary circumstances exist, however, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown, 322 F.3d at 773 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)); see also Lawrence, 549

---

e.g., Lawrence v. Florida, 549 U.S. 327, 336 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling . . . . we assume without deciding that it is."). Nevertheless, the Third Circuit has ruled that the one year limitation period for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations, and not a jurisdictional bar. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).

U.S. at 336 (requiring that a habeas petitioner "show that he has been pursuing his rights diligently").

In his objections, Petitioner asserts various reasons why his counsel was ineffective and why he was denied effective assistance of counsel in an effective manner. None of these assertions require the Court to apply equitable tolling to Petitioner's habeas petition. Ineffective assistance of counsel generally has <u>not</u> been considered an extraordinary circumstance where the ineffectiveness was due to counsel's negligence or mistake. See <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). While serious attorney misconduct, however, <u>may</u> warrant equitable tolling, <u>Nava v. Frank</u>, 264 F.3d 310, 320 (3d Cir. 2001), <u>overruled on other grounds by</u> <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), "[c]ourts have concluded that an attorney's failure to file a notice of appeal does not constitute the type of extraordinary or rare circumstances making it impossible for a defendant to timely file his or her [habeas] petition." <u>Hayden v. Brooks</u>, 2007 WL 2571508, at *4 (E.D. Pa. Aug. 31, 2007). Thus, Petitioner is not entitled to equitable tolling for the time during which he may have assumed that his attorneys were filing timely direct appeals.

Additionally, the Third Circuit requires habeas petitioners to "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that <u>cannot be made</u> if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." <u>Shannon</u>, 322 F.3d at 773. Here, Petitioner's original conviction became final in 1989, yet Petitioner made no attempt to reinstate his direct appeal rights, nor did he file any

document challenging his conviction, until his PCRA petition in 2004. Similarly, Petitioner took no action to challenge his June 2002 re-sentencing other than to file the same untimely PCRA petition. Thus, Petitioner was not reasonably diligent in filing his habeas petition, and is not entitled to equitable tolling of the AEDPA limitations period due to ineffective assistance of counsel.

        **C.**      **Petitioner's Third Objection**

Finally, Petitioner objects to the use of the AEDPA's time-bar, arguing that because his first case and sentencing occurred in 1989, prior to the AEDPA's enactment, the AEDPA should not apply. This argument fails for two reasons. First, while the AEDPA became effective on April 24, 1996, in the present case, the AEDPA's one-year time bar is being applied to Petitioner's June 4, 2002 re-sentencing. As explained above, Petitioner's "judgment" became final for AEDPA purposes on July 5, 2002. Thus, Petitioner's objection to the use of the AEDPA does not have merit where the re-sentencing at issue occurred six years after the AEDPA's enactment.

Second, assuming arguendo that the judgment at issue in this case is Petitioner's original 1989 sentencing – instead of his 2002 re-sentencing – the Third Circuit has made clear that the AEDPA applies even where a judgment became final prior to the AEDPA's enactment, albeit, with a one-year grace period. See Holland v. Horn, 519 F.3d 107, 117 n.7 (3d Cir. 2008) ("[W]e, along with other courts of appeals, adopted a transitional rule when Congress enacted the AEDPA in 1996 so as to preserve claims from immediate extinction by the statute's time rules during a one-year grace period after its enactment."); see also Hopkins v. DiGuglielmo, 2009 WL 1505277, at *3 (M.D. Pa. May 27, 2009) ("[Petitioner]'s conviction, however, became final prior

to the enactment of AEDPA . . . . In such a case, the Third Circuit has . . . held that a petitioner whose conviction became final prior to the enactment of AEDPA has one year from the date of enactment to file a habeas petition.") (citing Burns v. Morton, 134 F.3d 109, 110 (3d Cir. 1998)). Thus, the Court rejects Petitioner's objection to the use of the AEDPA's one-year limitation period, and holds that the AEDPA's limitation period properly applies to Petitioner's habeas petition.

**V.     Conclusion**

After careful, independent, and thorough review, and for the reasons stated above, the Court adopts the R&R and denies Petitioner's Petition for Writ of Habeas Corpus. An appropriate order follows.


A:\08-4980 - Objections to R&R - Memo - Cookman v. Barone.wpd